# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL JAMES POUCHERT,

        Petitioner,

v.                          Case No. 26-CV-516

LESLI S. BOESE, et al.,

        Respondents.

## DECISION AND ORDER

Michael James Pouchert filed what he captioned an "Emergency Petition for a Writ of Habeas Corpus." Included in that petition is an "Emergency Motion for Temporary Restraining Order."

Under Rule 4 of the Rules Governing Section 2254 Cases, which the court applies to petitions under 28 U.S.C. § 2241, the court must review Pouchert's petition and determine if it is sufficient to proceed.

Pouchert is out on bond pending trial in Waukesha County Circuit Court case number 2025CM001074 and is allegedly facing imminent incarceration in Dodge County Circuit Court case number 2009FA000435.

Pouchert asks this court for relief while simultaneously purporting not to submit to its jurisdiction. (ECF No. 1 at 1.) If the court does not have jurisdiction over the petitioner, the court cannot adjudicate his rights. But by filing this action

Pouchert has submitted to the court's jurisdiction. *See, e.g., Bd. of Regents of the Univ. of Wis. Sys. v. Phx. Int'l Software, Inc.*, 653 F.3d 448, 458-59 (7th Cir. 2011).

Moving on, the pending criminal matter appears tangential to his claims. He asks that the court order Waukesha County to show cause why the bond conditions are necessary, but he does not develop this argument. (ECF No. 1 at 7.) Insofar as Pouchert is arguing that his bond status allows the court to have pendent jurisdiction to consider his other claims, that argument is without merit. *See Virsnieks v. Smith*, 521 F.3d 707, 721 (7th Cir. 2008). This action appears to be about Pouchert's disagreement with a court order requiring him to pay child support.

Pouchert argues that the Dodge County Circuit Court cannot order him to pay child support (or incarcerate him for failing to pay child support) because there was no "damaged party," "no harm," "no injury," no corpus delicti" in the underlying divorce action and thus no claim over which the court can exercise jurisdiction over him. (ECF No. 1 at 3.) Alternatively, he argues that the court lacks jurisdiction because the court's scheduling order designated Pouchert as both the "Respondent" and the "Joint Petitioner." (ECF No. 1 at 4.)

There are many potential procedural problems with Pouchert's petition which preclude this court from granting him the relief he seeks, including his failure to exhaust his state court remedies, *see Grant v. Schmidt*, No. 18-cv-1709-pp, 2019 U.S. Dist. LEXIS 30254, at *3-4 (E.D. Wis. Feb. 26, 2019), the fact a federal court generally does not intervene in ongoing state court proceedings, *see Mulholland v. Marion Cty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014) (discussing abstention under *Younger*

*v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971)), the domestic relations exception to federal jurisdiction, *see, e.g., Crowley v. Crowley*, No. 1:25-cv-00137-RLY-MG, 2025 U.S. Dist. LEXIS 235356, at *6-7 (S.D. Ind. Oct. 30, 2025); *Watson v. Dane Cty. Child Support Agency*, No. 19-cv-884-bbc, 2019 U.S. Dist. LEXIS 216703, at *2 (W.D. Wis. Dec. 16, 2019), and the fact that federal district courts generally cannot upset state court judgments, *see, e.g.*, *Liggins v. Title Iv-D Agency*, No. 4:19 CV 96, 2020 U.S. Dist. LEXIS 69435, at *5 (N.D. Ind. Apr. 16, 2020) (discussing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and the *Rooker-Feldman* doctrine).

The court finds it unnecessary to delve into these matters because there are more fundamental problems with his petition. As applied to Pouchert's claims, the alleged lack of an injured party in a divorce action does not deprive the circuit court of jurisdiction to adjudicate the rights of the parties including the obligation to pay child support. A state's authority to regulate domestic relations arises from the state's inherent police power. *See, e.g.*, *In re Burrus*, 136 U.S. 586, 594 (1890).

Pouchert's claim that the circuit court lacked jurisdiction because the court's scheduling order used "Respondent/Jt. Petitioner" in the caption (ECF No. 1-1 at 38) is frivolous. The caption reflects a template designed to address circumstances both when there is a traditional petitioner and respondent and the alternative of joint petitioners. *See* Wis. Stat. § 767.205(1). This sort of caption template is routinely used on standard family court forms in Wisconsin and is of absolutely no legal significance.

**IT IS THEREFORE ORDERED** that Pouchert's motion for a temporary restraining order is **denied**.

**IT IS FURTHER ORDERED** that Pouchert's petition for a writ of habeas corpus is denied and this action is **dismissed**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court declines to issue a certificate of appealability.

Dated at Green Bay, Wisconsin this 2nd day of April, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge