# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL JAMES POUCHERT,**

      **Petitioner,**

   **v.**               **Case No. 26-CV-516**

**LESLI S. BOESE, et al.,**

      **Respondents.**

## ORDER

Before the court is the petitioner's motion to alter or amend the judgment. The court has reviewed the motion, his attached exhibits, and considered his motion in light of the documents he previously submitted following the court's decision dismissing this action. Having considered the petitioner's motion, the court finds no basis to alter or amend the judgment entered on April 2, 2026. *See* Fed. R. Civ. P. 59(e).

As the court noted previously, there are many problems with the petition. *Pouchert v. Boese*, No. 26-CV-516, 2026 U.S. Dist. LEXIS 72494, at *2-3 (E.D. Wis. Apr. 2, 2026). The court addressed only two matters that the petitioner presented as foundational to his petition. *See Mashallah, Inc. v. W. Bend Mut. Ins. Co.*, 20 F.4th 311, 320 (7th Cir. 2021) ("When the success of a claim turns on resolution in a plaintiff's favor of multiple independent issues, a district court may resolve the claim

based on what it deems the simplest dispositive issue."); *cf. Oye v. Hartford Life & Accident Ins. Co.*, 140 F.4th 833, 838 (7th Cir. 2025). The petitioner now seeks further explanation. Therefore, the court will address another basic threshold problem that precludes the court from looking any further into his claims for relief—exhaustion.

Although not explicitly required by statute, courts have held that persons seeking relief from state custody under 28 U.S.C. § 2241 must nonetheless exhaust their remedies in state court before turning to federal court. *See Seger v. Illinois*, No. 25-CV-00334-SPM, 2025 U.S. Dist. LEXIS 94401, at *2-3 (S.D. Ill. May 16, 2025) (citing, in part, *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004)). Exhaustion, which requires the petitioner to present all his claims to one complete round of review by the state courts (*e.g.*, the Wisconsin Circuit Court, the Wisconsin Court of Appeals, and the Wisconsin Supreme Court), *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), is required as a matter of comity to ensure proper respect for the states under the system of dual federalism. *See Boettcher v. Doyle*, 105 F. App'x 852, 854 (7th Cir. 2004); *Seger*, 2025 U.S. Dist. LEXIS 94401, at *2-3; *Johnson v. Sheriff*, No. 2:25-CV-81-PPS-AZ, 2025 U.S. Dist. LEXIS 42081, at *2 (N.D. Ind. Mar. 7, 2025). A petitioner's failure to exhaust is a sufficient reason to dismiss a § 2241 petition. *Dandridge v. Rivers*, No. 20 C 50035, 2020 U.S. Dist. LEXIS 117522, at *4 (N.D. Ill. July 1, 2020) (citing *Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009)).

The petitioner argues that his failure to exhaust should be excused because attempting to exhaust would be futile. (ECF No. 1 at 5.) He points to "[t]hree documented instances of deliberate non-engagement by [the circuit court judge] with

the jurisdictional and constitutional challenges ….” (ECF No. 1 at 5.) Specifically, he notes that the court found that the petitioner “fail[ed] to articulate a developed argument,” he “did not state any valid claim for relief,” and referred to his pleadings as “largely unintelligible” and failing to set forth any “recognizable request to remedy.” (ECF No. 1 at 5.)

A petitioner arguing that attempting to exhaust would be futile “faces a heavy burden.” *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004); *see also Richmond*, 387 F.3d at 604. He must prove that there is “no reasonable prospect” that he will obtain any relief through the state appeals process. *Gonzalez*, 355 F.3d at 1016-17.

The petitioner's claims of futility reflect merely the circuit court's rejection of his claims and arguments. But rejection by the circuit court is just the first step in exhaustion. If the trial court's rejection of a claim was sufficient to establish futility, the exhaustion requirement would be superfluous. The petitioner must present his claims to the Wisconsin Court of Appeals and the Wisconsin Supreme Court before turning to federal court.

Because it is clear from the record that the petitioner has made no effort to present any claim beyond Wisconsin's trial courts, he has failed to exhaust his state court remedies. Absent exhaustion, this court has no authority to grant the petitioner the relief he seeks, and therefore the court must deny his motion.

**IT IS THEREFORE ORDERED** that the petitioner's motion under Fed. R. Civ. P. 59(e) is **denied**.

Dated at Green Bay, Wisconsin this 20th day of May, 2026.

*s/ Byron B. Conway*

BYRON B. CONWAY
U.S. District Judge
